IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **CELSO ROBLEDO, MARIA ROBLEDO, MANUEL ROBLEDO, WALTER KOPEC, and JEFFREY MARTIN, on behalf of themselves and others similarly situated,** | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 05 C 0335 |
| **CITY OF CHICAGO, a municipal corporation, and BEA REYNA-HICKEY, in her individual capacity,** | ) ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiffs/Counter-Defendants Celso Robledo, Maria Robledo, Manuel Robledo, Walter Kopec, and Jeffrey Martin, on behalf of themselves and those similarly situated ("plaintiffs"), have brought a motion under Fed. R. Civ. P. 12(b)(1), (b)(6) and (f) to dismiss counterclaims for set-off and unjust enrichment brought by defendants/counter-plaintiffs the City of Chicago and Bea Reyna-Hickey (together, the "City"), or in the alternative to strike portions of the defendants'/counter-plaintiffs' requests for relief. For the following reasons, plaintiffs' motion to dismiss is granted and their motion to strike is denied as moot.

# I.

In January of 2005, plaintiffs brought a class action suit, filed pursuant to 42 U.S.C. §1983, claiming the City violated their right to procedural due process by disposing of their vehicles without adequate notice or providing a hearing at which they could raise objections to such disposal. The plaintiff class, consisting of "those persons whose vehicles were towed, impounded, and disposed of by defendants, such sale or destruction having occurred no more than two years from the filing of this lawsuit," was certified on August 9, 2006. (Class Cert. Order at 21, 27, Aug. 9, 2006.)

Three years into this case, the City filed an amended answer alleging new counterclaims for set-off and unjust enrichment, seeking remedy for alleged outstanding debts owed by the putative class members. (Am. Answer at 33-37.) The City states in its pleading that the putative class is coextensive with the plaintiff class. *Id*. at 35. The City alleges that (1) each putative class member violated one or more sections of the Traffic Code (Chapters 9-4 through 9-100 of the Chicago Municipal Code), ignored citations, accumulated several determinations of liability, and failed to timely pay their debts to the City, which subjected them to additional fees for towing and storage; (2) these debts are still owed to the city; and (3) any award of damages, costs and

fees should be set-off against any outstanding debt owed to the City. *Id*. at 35-36.

Plaintiffs have moved to dismiss the counterclaims pursuant to Rule 12(b)(1) and (6), and in the alternative, to strike certain portions of the City's requested remedies.

II.

In assessing the motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (6), I must accept all well-pled facts in the counterclaims as true, and view all the allegations in the light most favorable to the defendants. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Gomez v. Illinois State Bd. Of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007); *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776-77 (7th Cir.2007).

Plaintiffs move to dismiss the City's counterclaims on the ground that this court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1367 (a) and (c). Plaintiffs argue that since the underlying debts at issue are not related to their due process claims, the City's counterclaims do not qualify for supplemental jurisdiction. All that is needed for supplemental jurisdiction of the City's counterclaims is a "loose" factual connection and I find

there is one here. Plaintiffs' violations of the Traffic Code caused the debts sought by the City, which caused the destruction of plaintiffs' vehicles in violation of due process. This factual connection is enough to support the exercise of supplemental jurisdiction under § 1367 (a). *See Channell v. Citicorp Nat'l Servs., Inc.*, 89 F.3d 379 (7th Cir. 1996). However, supplemental jurisdiction over a claim otherwise allowed by § 1367(a) may be declined (1) if the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; or (2) in "exceptional circumstances" where there are "other compelling reasons for declining jurisdiction." *Id.* at 386; 28 U.S.C. § 1367(c)(2),(4). In this case, both exceptions apply.

The City contends that the putative class is coextensive with the certified plaintiff class. At the time the plaintiff class was certified, the number of members was estimated at 18,314.[1] In its counterclaims, the City cites the entire Traffic Code as predicate to the violations at issue in their set-off claim for those 18,000+ class members. (Am. Answer at 33-34.) In other words, there are about 18,000+ people who violated any number of traffic laws and incurred fines, fees, penalties, and interest, under any number of code sections.

---

[1] This number is based on the City's own records of vehicle impoundments and dispositions at three of its five pounds over an eleven month period. (Class Cert. Order at 22.) Plaintiffs' reply alleges there are now 50,000. (Reply at 13.)

4

The City has the burden of demonstrating that the plaintiff class is the appropriate class for certification with respect to its counterclaims. See *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). Its conclusory allegations that two classes are coextensive, and that "[f]or the same reasons [the named parties] have been adjudicated proper class representatives as plaintiff, they are similarly and by the same reasoning proper representatives of the Counter-Defendant Class" are not enough to meet the rigors of Rule 23 analysis. *Vodak v. City of Chicago*, No. 03 C 2463, 2008 WL 687221, at *2-3 (N.D.Ill Mar. 10, 2008)(explaining that certifying a class of counter-defendants requires independent scrutiny and rigorous analysis under Fed. R. Civ. P. 23). Notably, the City has not sufficiently alleged or demonstrated that the putative class as defined can meet the requirements for commonality, typicality, predominance, or superiority with respect to its counterclaims, and it is unlikely to be able to do so. *See* Fed. R. Civ. P. 23(a) and (b)(3). *See Roman v. First Franklin Financial Corp.,* No. 00 C 7228, 2001 WL 322563, at *2 (N.D.Ill. Mar. 3, 2001) (finding "where liability determinations are both individual and fact-intensive, class certification under Rule 23(b)(3) is improper"). The City's counterclaims do not allege any facts new to this case. This suit has been pending for three years and the City's counterclaims and

questions regarding the appropriateness of class certification for those counterclaims could have been raised and resolved years ago. *See In re Ameritech Corp.*, 188 F.R.D. 280, 286 (N.D.Ill. 1999) (denying leave to amend counterclaims for class action claim where party seeking amendment knew facts upon which proposed amendment was based but failed to assert them in a timely fashion).

Class certification issues aside, sorting through the underlying issues of fact and law related to the numerous traffic violations of 18,000+ individuals, not to mention determining the applicable fines, fees, penalties and interest, or what defenses or payment arrangements apply would clearly predominate over the federal due process claim. Moreover, this case would essentially be converted to an enormous debt collection case and would be an administrative nightmare.

I conclude the City's counterclaims would clearly predominate over the plaintiff class' due process claim and that there are exceptional circumstances that weigh heavily against the exercise of supplemental jurisdiction in this case. Accordingly, I grant plaintiffs' motion to dismiss the City's counterclaims.[2]

---

[2] The City's unjust enrichment claim also fails to properly state a claim upon which relief can be granted. The City alleges that *if* plaintiffs were to recover damages for the disposition of their vehicles, without paying off debts owed by them to the City, they would be unjustly enriched to the City's detriment. (Am. Answer at 36.) These allegations do not describe a benefit retained by the plaintiffs to the City's detriment; rather, they describe inequities that have not yet and may never occur. Since there is no inequity or controversy claimed, there is no enrichment

III.

For the foregoing reasons, plaintiffs' motion to dismiss the City's counterclaims for set-off and unjust enrichment is granted. Plaintiffs' motion to strike is denied as moot.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: September 6, 2008

---

to disgorge. *See Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) (an actual controversy must exist at all stages of federal court proceedings).